569 A.2d 411

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant,**

**v.**

**WRIGHT OLDSMOBILE HONDA, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 24, 1989.

Decided Jan. 30, 1990.

56

Donald H. Poorman, Asst. Counsel, with him, Lawrence R. Wieder, Asst. Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellant.

Richard N. Lipow, Audubon, for appellee.

Before CRUMLISH, Jr., President Judge,
PALLADINO (P.) and SMITH, JJ.

PALLADINO, Judge.

This is an appeal by the Department of Transportation, Bureau of Driver Licensing (DOT) from an order of the Court of Common Pleas of Delaware County (trial court) which reversed the suspension of Wright Oldsmobile Honda's (Wright) certificate of appointment as an official emission inspection station. We affirm.

Wright Oldsmobile Honda is comprised of two separate and distinct inspection stations, Wright Oldsmobile, station number 169 and Wright Honda, station number T246. Each station is issued emission control stickers separately by DOT. However, both stations use the same safe to store the stickers and record books.

On September 26, 1988, DOT conducted a routine inspection of Wright Oldsmobile and discovered that five hundred and fifty stickers issued to Wright Oldsmobile were not recorded in Wright Oldsmobile's record books. Upon further investigation, the officer found that the five hundred and fifty stickers issued to Wright Oldsmobile had been used and recorded in Wright Honda's books.

On November 9, 1988, following a departmental hearing, Wright Oldsmobile was cited for careless record keeping and pursuant to 75 Pa.C.S. § 4724(a) DOT notified Wright that the Oldsmobile's certificate of appointment as an official emission inspection station was scheduled to be suspended for a period of three months for a second violation [1] of careless record keeping. Wright appealed this action to the trial court which held a *de novo* hearing on March 13, 1989.

At this hearing the DOT inspector who had conducted the inspection testified to the discovery of the notation of use

1. Wright Oldsmobile was cited for careless record keeping in November of 1986, because of the loss from theft of inspection stickers. This violation was Wright Oldsmobile's first, for which it received a warning under the penalty clause of 67 Pa.Code § 177.61(a). N.T. at 15, 27.

for the stickers in question on the Honda record books. The inspector also testified that the machine printouts for all five hundred and fifty stickers actually existed, that all of the stickers were accounted for, N.T. at 18–21, and that the only records which the regulations mandated were the machine printouts. N.T. at 19. The record books, kept by Wright, were not required. *Id.* The trial court sustained Wright's appeal and vacated the three month suspension imposed by DOT. DOT appeals from that order.

■ DOT raises one issue on appeal: whether the trial court erred in finding that the use of five hundred fifty stickers issued to Wright Oldsmobile but used and recorded by Wright Honda was not careless record keeping. In reviewing this question our scope of review is limited to a determination of whether there has been an error of law or whether the findings of fact are supported by substantial evidence. *Department of Transportation, Bureau of Driver Licensing v. Midas Muffler Shop,* 108 Pa.Commonwealth Ct. 199, 529 A.2d 91 (1987).

■ DOT regulations set forth the obligations and responsibilities of inspection station owners. In the present case the relevant section is section 177.38(13), 67 Pa.Code § 177.38(13) which requires the station:

To maintain a copy of the printout tape for each inspection. The printout tapes shall be kept in sequential test order whether a sticker is issued or not. Both the station's and consumer's copy of the printout tape shall be completed and signed by the inspection mechanic. . . .

DOT argues that the trial court erred by not finding a violation of this section. However, DOT's own witness acknowledged that all of the printout tapes were available for inspection and that records existed for all of the stickers. The error that occurred in this case occurred in a record that the regulations do not require. As a result, there can be no violation of the regulations, and no penalty can be imposed.

DOT relies on a case with a similar fact pattern, *Department of Transportation, Bureau of Driver Licensing v.*

*Sloane Toyota, Inc.,* 125 Pa.Commonwealth Ct. 579, 558 A.2d 585 (1989). This reliance is misplaced. In that case we held that the transferring of certificates of inspection from an approved station to an adjacent unapproved station did not constitute careless record keeping, but was a violation of the furnishing and receiving of certificates section.

█ DOT also argues that the trial court failed to consider 75 Pa.C.S. § 4730(b) which prohibits the unauthorized use of certificates of inspection, which includes the furnishing, loaning, sale, or giving of such certificates to any other inspection station. However, DOT did not charge Wright with violating this section, and as a result, no penalty can be imposed under this section.

We conclude that the trial court did not commit any error by failing to find a violation of the careless record keeping provision. Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, January 30, 1990, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.