Alan FARINE

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTA-TION, BUREAU OF MOTOR VEHI-CLES, Appellant.

Alan Farine d/b/a A–1 Automotive

v.

**Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 31, 2003.

Decided Sept. 17, 2003.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel, In–Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: PELLEGRINI, Judge, COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY JUDGE COHN.

Before the Court are consolidated appeals from two orders of the Court of Common Pleas of Allegheny County that reversed the orders of the Department of Transportation, Bureau of Motor Vehicles (Bureau) that had suspended two certificates of appointment for faulty inspection and improper record keeping: (1) A–1 Automotive's certificate of appointment as an official inspection station, pursuant to Section 4724 of the Vehicle Code (Code), 75

Pa.C.S. § 4724, and (2) Alan Farine's certificate of appointment as an official inspection mechanic, pursuant to Section 4726 of the Code, 75 Pa.C.S. § 4726.

A hearing in this matter was conducted by the late Judge Dauer on February 28, 2002 and, on that same date, he signed orders sustaining both appeals. Judge Dauer died shortly thereafter, and President Judge Robert A. Kelly wrote the opinion for purposes of appeal to this Court.

Judge Kelly's opinion contains the following facts. A–1 is a certified official inspection station. Farine, a licensed inspection mechanic, is the only mechanic at A–1, which he owns and operates. On August 30, 2002, State Trooper Lance Letterio received a complaint from Thomas Wayne Brucker regarding an inspection conducted by Farine at A–1 of a 1972 Chevrolet dump truck Brucker purchased from Ralph W. Seagriff. In anticipation of selling his vehicle, Seagriff had first brought the vehicle to Cheswick Auto Sales on August 9, 2002. Cheswick had submitted a work order for work to be done on the vehicle that would have cost one thousand ($1000.00) dollars to complete. The work was not done, and Seagriff then took the vehicle to Farine for an inspection on August 15, 2002. The vehicle failed the first inspection and Farine advised Seagriff that certain repairs would need to be done before it would pass. Two days later, Farine re-inspected the vehicle again and affixed an inspection sticker to it.

After receiving the August 30 complaint from Brucker, Letterio went to A–1 where Farine, in the presence of Letterio, who is himself a licensed inspection mechanic, conducted another inspection. Letterio took photographs of the vehicle at that time. Letterio, at the hearing, testified that on August 30th he observed the following defects during the re-inspection: (1) right rear shock absorber mount not properly affixed to the vehicle, (2) holes in left rear frame of vehicle, and (3) light for license plate not operational. It was on the basis of these alleged defects that the Bureau filed the charge of performing a faulty inspection on August 17th. In addition, there was a statement on the inspection sticker and work orders indicating that Farine had pulled all four wheels on August 15th and 17th, which DOT alleged not to be true and was the basis for the charge of improper recordkeeping.

Judge Kelly wrote an opinion in support of Judge Dauer's orders, sustaining Farine's appeal, in which he addressed the basis for the charges of performing a faulty inspection. Initially, Judge Kelly acknowledged that the Bureau attempted to introduce the testimony of the mechanic from Cheswick regarding his inspection of the vehicle, and that Judge Dauer had sustained Farine's objection on the basis of relevancy. Judge Kelly found Farine credible when he testified that, while he had found the rear shock absorber to be slightly loose, it was not a safety problem, and, further, that it was in the same condition on August 30th as it had been on August 17th. The court also agreed with Farine that there was simply a legitimate difference between his opinion and that of Letterio as to whether the degree of looseness was a safety problem or merely a "rattle."

Second, Letterio admitted that the photographs he took do not show the holes very well. Farine stated that, although the holes were present on August 15th, they were gone when he checked the vehicle again on August 17th. He further stated that they had been repaired at T & T Welding and Fabricating and submitted into evidence an invoice bearing Brucker's name, dated August 16th, and stating "re-

pair holes in left rear frame 1972 Chevy truck." (Farine's Ex. (unnumbered)).

The third and final basis for the faulty inspection charge, the lack of an operational license plate light, is no longer an issue because the Bureau has conceded, in its brief, that the truck was not required to have such a light since it was not originally equipped with one. (Brief of Bureau, p. 21 n. 2.)

With regard to the charge of improper record keeping, the court noted that Letterio testified that the caliper on the left front wheel would not move and that, from that fact, he deduced that the wheel had not been pulled previously. However, the court found Farine credible that he had heated the caliper and also used an "oversized Alan key" (N.T. 27) to get it off on the 15th and 17th, and that he had offered to do so again on the 30th, but the officer told him it would not be necessary. Further, the court found Farine believable where, in response to the question, "[i]f you heat it up once doesn't that fix it," he replied, "[n]o, because the head of the bolt was stripped out." (N.T. 27.)

■ The court then sustained the consolidated appeals and the appeal to this Court ensued. On appeal, the Bureau raises two arguments.[1] First, it contends that the testimony of the Cheswick mechanic, Jim Grashpaner, was improperly excluded by Judge Dauer on grounds of irrelevancy. Second, it asserts that Judge Kelly could not properly make credibility determinations or weigh the evidence be-

cause he was "not the fact finder who heard the testimony when it was given." Because we determine that the court did improperly exclude the testimony of the mechanic, Grashpaner, and, therefore, that a new hearing is required, we need not reach the issue of whether a trial judge who does not hear the evidence may make credibility determinations based on a "cold record."

■ The Bureau had made an offer of proof regarding the proffered testimony of Grashpaner, claiming that it would have shown the violations that he found when he performed the inspection of the vehicle on August 9th. Counsel for Farine objected because the basis of the citation was the re-inspection done on August 30th and "so any inspection prior to the one where the State troopers[2] were present ... is not relevant." (N.T. 4.) The trial court sustained this relevancy objection.

DOT asserts, on appeal, that the proffered evidence was relevant to show whether the same violations Letterio observed on August 30th had been present when Grashpaner conduced his inspection and, if so, this evidence would tend to support the Bureau's argument that Farine had conducted a faulty inspection on August 17th when he issued the certificate of inspection and on August 30th when Letterio was present. We agree.

■ Evidence is relevant if the inference sought to be raised by it bears on the matter at issue and if the evidence renders the desired inference more probable than

---

**1.** Our scope of review is limited to determining whether the trial court committed an error of law and whether its findings of fact are supported by substantial evidence. *Department of Transportation, Bureau of Motor Vehicles v. Wright Oldsmobile Honda*, 131 Pa. Cmwlth. 55, 569 A.2d 411 (1990). The trial court's review was limited to whether the Bureau proved, by a preponderance of the evidence, that Farine had committed the vio-

lations for which the sanctions were imposed. *Fiore Auto Service v. Department of Transportation, Bureau of Motor Vehicles*, 735 A.2d 734 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 559 Pa. 681, 682, 739 A.2d 545 (1999).

**2.** It appears that, in fact, only trooper Letterio was present on August 30th.

it would be without the evidence. *Commonwealth v. Stewart*, 461 Pa. 274, 278, 336 A.2d 282, 284 (1975); *see also* Pa. R.E. 402. If Grashpaner's testimony demonstrates that the same defects existed both prior and subsequent to Farine's inspections, that evidence would tend to support the Bureau's argument that the inspections on both August 17th and August 30th were faulty. The fact that Grashpaner conducted his inspection on August 9th does not render the testimony irrelevant, but rather is an issue for the fact finder to consider. Thus, the testimony meets the relevancy standard.

Because we determine that it was an abuse of discretion to disallow this evidence, the orders of the trial court are reversed and this matter is remanded for a new hearing.

### *ORDER*

**NOW,** September 17, 2003, the orders of the Court of Common Pleas of Allegheny County in the above-captioned matter are hereby vacated and this matter is remanded for a new hearing.

Jurisdiction relinquished.